IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,

-vs-

COY JONES,
        Defendant.

CRIMINAL NO.:
AU-17-CR-253-SS

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant Coy Jones's Motion for Judgement of Acquittal or, Alternatively, Motion for New Trial [#79], the Government's Response [#80] in opposition, and Jones's Reply [#81] in support. Having reviewed the documents, the relevant law, the record at trial, and the case file as a whole, the Court now enters the following opinion and order.

## Background

On November 2, 2017, after a four-day trial, Mr. Jones was convicted of all four counts of the Superseding Indictment: (1) possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); (2) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); (3) possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Jones now files a motion arguing he is entitled to acquittal under Rule 29 or a new trial under Rule 33 because there is insufficient evidence to support conviction as to any of the counts

and because the Court ostensibly erred in several of its evidentiary rulings. *See generally* FED. R. CRIM. P. 29; FED. R. CRIM. P. 33. This pending motion is now ripe for review.

## Analysis

### I. Legal Standard

#### A. Motion for Judgment of Acquittal Under Rule 29

"A motion for a judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998). In assessing such a motion, a court must determine "whether a reasonable jury could conclude that the relevant evidence, direct or circumstantial, established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Id.* "A jury is free to choose among reasonable constructions of the evidence . . . [and] retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (internal citations and quotation marks omitted).

#### B. Motion for New Trial Under Rule 33

If the evidence adduced at trial "preponderates sufficiently heavily against the verdict that a miscarriage of justice may have occurred," the court may vacate the jury's guilty verdict and grant the defendant a new trial. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citing *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1990)). Although a motion for new trial is reviewed under a more lenient standard than a motion for judgment of acquittal, a court "may not reweigh the evidence and set aside the verdict simply because it feels some other

result would be more reasonable." *United States v. Robertson*, 110 F.3d 1113, 1117–18 (5th Cir. 1997). To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* "[T]his power should be exercised infrequently by district courts, unless warranted by exceptional circumstances." *Tarango*, 396 F.3d at 672 (internal quotation marks omitted); *see also United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992) (noting that to justify the grant a new trial, "[t]here must be a real concern that an innocent person may have been convicted").

## II. Application

The Court first addresses Jones's challenges to the sufficiency of the evidence. The Court then turns to Jones's contention he is entitled to a new trial because the Court ostensibly erred in its evidentiary rulings.

### A. Sufficiency of the Evidence

Jones argues no rational trier of fact could have found the essential elements of any of the four counts beyond a reasonable doubt. Mot. J. Acquittal [#79] at 6. However, viewed in the light most favorable to the verdict, the Court finds there is sufficient evidence to support the verdict on all counts.

Turning first to Counts One and Two, the Court finds there was sufficient evidence to convict Jones of possession with intent to distribute and conspiracy to possess with intent to distribute methamphetamine. At trial, the Government presented evidence Jones had repeated meetings with a known drug distributor, Eredy Cruz, and his associates. The meetings between Jones and Cruz and his associates were similar in time, place, and manner to previous methamphetamine transactions between Cruz and his distributors. For instance, as Detective Langham testified, on September 28, 2016, Jones parked in a Target parking lot by himself for

3

an hour, during which time he sporadically moved between parking spots for no apparent reason. Eventually, Cruz arrived in the parking lot. Jones then entered Cruz's vehicle for approximately one minute, during which time he exchanged an envelope for a large plastic bag. Jones then left the parking lot and, instead of driving to his next destination, engaged in a number of detours taken for no apparent purpose. Detective Langham testified these detours were consistent with "heat checks"—a driving technique utilized by drug distributors to detect police surveillance. *See United States v. Griffith*, 118 F.3d 318, 321 (5th Cir. 1997) ("'[A]n experienced narcotics agent may testify about the significance of certain conduct or methods of operation to the drug distribution business, as such testimony is often helpful in assisting the trier of fact understand the evidence.'" (quoting *United States v. Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995))).

Detective Langham testified that on the night of Jones's arrest, Jones met Ramon Lopez—a roommate of Eredy Cruz—at a gas station in Liberty Hill. Officers followed Jones as he departed the gas station. Jones and Lopez subsequently traveled in separate cars to a spot aside a secluded country road where they met briefly. Suspecting a drug transaction had occurred, Detective Langham asked the Williamson County Sherriff's Office (WCSO) for help in making a traffic stop on Jones.

At some point, WCSO Deputy Paniagua spotted Jones turning onto County Road 201. Deputy Paniagua—who was driving a marked car—turned onto Country Road 201 behind Jones and activated his overhead lights and then his siren. Rather than pull over, Jones accelerated his truck to between 70 and 90 miles per hour, well in excess of posted speed limits. After a chase lasting approximately one and a half minutes, Jones pulled over at the corner of Country Road 201 and Phillip Lane. Deputy Paniagua then arrested Jones. Jones's car was subsequently searched, but no narcotics were found in the vehicle. However, a search along the limited stretch

4

of road Jones traversed during his flight from Deputy Paniagua produced a shopping bag containing a large quantity of methamphetamine, as well as an unloaded handgun and accompanying magazine. Testimony at trial indicated none of the discovered items demonstrated any significant evidence of weathering, suggesting the possibility they had been recently deposited by the roadside. All three items were within throwing distance of the road. Testimony at trial also indicated the windows of Jones's vehicle were rolled down when he was apprehended by Deputy Paniagua.

In this context, a jury could reasonably conclude Jones was involved in a drug conspiracy and that Jones's brief roadside meeting with Cruz's roommate Ramon Lopez was a drug transaction in which Jones received a large quantity of methamphetamine for distribution.[1] *See United States v. Montoya-Ortiz*, 7 F.3d 1171, 1177 (5th Cir. 1993) (observing that while mere presence is insufficient by itself to support the inference of a conspiracy, "presence is a significant factor to be considered within the context of the circumstances under which it occurs." (internal quotation marks and citation omitted)); *United States v. Greenwood*, 974 F.2d 1449, 1457 (5th Cir. 1992) ("Because secrecy is the norm in an illicit conspiracy, the elements of the offense may be established solely by circumstantial evidence."); *United States v. Osgood*, 794 F.2d 1087, 1094 (5th Cir. 1986) ("The defendant's knowledge and participation [in a drug conspiracy] . . . may be inferred from a development and collocation of circumstances . . . . (internal quotation marks and citation omitted)).

Additionally, in light of the evidence noted above as well as the evidence presented at trial, a jury could reasonably conclude Jones was in possession of a firearm on May 3, which he threw out the window of his car, along with the methamphetamine, as he led Deputy Paniagua on

---

[1] To the extent Defendant claims he was purchasing drugs solely for his personal use rather than for distribution, his argument is inconsistent with the bulk of the evidence presented at trial, including but not limited to the quantity of methamphetamine recovered.

5

a high-speed chase down a rural county road. *Cf. United States v. Cantu*, 340 Fed. App'x 186, 189 (5th Cir. 2009) (per curiam) (holding evidence sufficient to find defendant had actual possession of firearm where defendant had been seen carrying and placing objects under a car, and officers subsequently recovered a firearm found with the other items underneath the car); *United States v. Morales*, 758 F.3d 1232 (10th Cir. 2014) (concluding evidence sufficient to find defendant had actual possession of firearm where defendant fled from his car on foot after being pulled over for a traffic violation and officers subsequently discovered recently abandoned firearm and defendant's cell phone along the defendant's flight path).[2]

### B.   Evidentiary Rulings

Jones contests two of the Court's evidentiary rulings at trial. The first relates to admission of Jones's prior conviction. The second relates to testimony referencing information gleaned from a confidential informant. The Court addresses these contentions in turn.

#### 1.   Prior Conviction

A prior conviction is admissible so long as (1) the conviction is relevant to an issue other than character and (2) the probative value of the conviction is not substantially outweighed by its unfair prejudicial effect. *United States v. Beechum*, 582 F.2d 898, 909 (5th Cir. 1978); *see generally* FED. R. EVID. 404(b); FED. R. EVID. 403. The Court finds it did not err in admitting Jones's prior conviction at trial.

---

[2] Jones repeatedly insists that under *United States v. Mergerson*, 4 F.3d 337 (5th Cir. 1993), "the fact that a firearm is found in close proximity to a defendant . . . is insufficient to show that the defendant possessed the firearm." Reply Mot. J. Acquittal [#81] at 1–2. Temporarily setting aside the considerable circumstantial evidence buttressing the jury's finding of possession, *Mergerson* is easily distinguishable in that it involved allegations of *constructive* possession. *Mergerson*, 4 F.3d at 349 (holding "mere control or dominion over the place in which contraband or an illegal item is found *by itself* is not enough to establish constructive possession" when home is jointly occupied); *see also United States v. Posner*, 868 F.2d 720, 722–23 (5th Cir. 1989) (defining constructive possession as "ownership, dominion or control over the contraband itself, or dominion or control over the premises or the vehicle in which the contraband is concealed" (internal citation and quotation marks omitted)). *Mergerson*'s applicability is limited here because the Government has not argued Jones constructively possessed the firearm by exercising dominion or control over County Road 201. *Cf.* Resp. Mot. J. Acquittal [#80] at 7–14 (arguing Jones exercised *actual* possession over the firearm and then threw it out the window).

6

First, Jones's prior conviction was relevant to the issue of Jones's intent. At trial, Jones put his intent at issue by arguing he lacked intent to engage in a drug conspiracy when he met with Cruz, a known drug distributor. *See* Trial Tr. of November 1, 2017 at 39–40 (suggesting Jones was meeting with Cruz to purchase drugs for personal use). In this context, Jones's November 2010 conviction—for conspiracy to possess with intent to distribute methamphetamine—was relevant to his intent to engage in a drug conspiracy with Cruz. *See United States v. Smith*, 228 Fed. App'x 383, 388 (5th Cir. 2007) (concluding district court did not abuse its discretion in admitting evidence of prior convictions for the limited purpose of determining whether defendant knew about or intended to sell drugs found in his apartment); *Beechum*, 582 F.2d at 909, 913 (explaining prior conviction for similar offense is "highly relevant" when defendant argues he lacked intent because it "lessens the likelihood that the defendant committed the charged offense with innocent intent").

Second, the probative value of the conviction was not substantially outweighed by its unfair prejudicial effect. The Fifth Circuit considers several factors in assessing whether a prior conviction should be admissible under Rule 403: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015). Here, all four factors weigh in favor of admitting Jones's prior conviction, because: (1) Jones repeatedly contested the issue of intent; (2) the charged offense and the prior offense are substantially identical; (3) Jones was arrested for the charged offenses less than two years after being released from prison in connection with his conviction for the prior offense; and (4) the Court issued an appropriate limiting instruction.[3]

---

[3] At trial, the Court instructed the jury it "must not use [Jones's] prior conviction as proof of the crimes charged in this case other than as it relates to the charge in Count Three that the defendant was a convicted felon in

7

Moreover, to prosecute the felon-in-possession-of-a-firearm charge brought against Jones, it was necessary for the Government to introduce evidence of Jones's prior felony conviction. Though in some cases it may be necessary to sever such charges to prevent prejudice, the Fifth Circuit does not require severance when the firearm is found during the investigation of the other offenses, so long as a limiting instruction is given. *See United States v. Turner*, 647 F.3d 420, 430–31 (5th Cir. 2012) (noting possibility of prejudice is reduced when evidence of prior conviction is relevant and admissible for other purposes, such as explaining why the defendant fled from police).

### 2. Confidential Informant Testimony

On several occasions during the course of the trial, witnesses alluded to statements made by a confidential informant regarding the time and place of anticipated drug transactions. Jones argues testimony regarding the confidential informant's statements was offered for the truth of the matter asserted in violation of Jones's rights under the Confrontation Clause. Mot. J. Acquittal [#79] at 19.

The Confrontation Clause of the Sixth Amendment "bars the introduction of 'testimonial statements' of a witness who does not appear at trial 'unless he [is] unavailable to testify, and the defendant had [ ] a prior opportunity for cross examination.'" *Dorsey v. Stephens*, 720 F.3d 309, 317 (5th Cir. 2013) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)) (alterations in original). This rule "applies only to statements offered to prove the truth of the matter asserted." *Id.* (internal citations omitted). Additionally, "[a] defendant may not complain on appeal that he was prejudiced by evidence relating to a subject which he opened up at trial." *United States v. Carey*, 589 F.3d 187, 193 (5th Cir. 2009) (quoting *United States v. Wilson*, 439 F.2d 1081, 1082

---

possession of a firearm. . . . However, [i]f you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged . . . , then you may consider evidence of [the past conviction] to determine: [w]hether the defendant had the state of mind or intent necessary to commit the crime charged . . . ."

(5th Cir. 1971)), *cert. denied*, 130 S. Ct. 1930 (2010); *see also United States v. Jimenez*, 509 F.3d 682, 691 (5th Cir. 2007).

Jones points to several instances in the trial transcript where the prosecutor or a witness referenced statements made by the confidential informant. *See* Mot. J. Acquittal [#79] at 17–19. However, in each instance, the testimony regarding the confidential informant's statements was offered not for the truth of the matter asserted, but to explain why the officers decided to follow Jones—an issue which was repeatedly brought up by Jones at trial.[4] *See Dorsey*, 720 F.3d at 317 ("[T]he confrontation right . . . applies only to statements offered to prove the truth of the matter asserted."). Thus, not only was the testimony offered for a purpose other than the truth of the matter asserted, but Jones opened the door to the testimony by questioning witnesses as to how they knew Jones was going to participate in a drug transaction.[5] *See Jimenez*, 509 F.3d at 691 (rejecting Confrontation Clause challenge to admission of testimony where defense counsel opened the door by asking the witness for the basis of his suspicions about the defendant); *see also Carey*, 589 F.3d at 193.[6]

---

[4] *See, e.g.*, Trial Tr. of Oct. 30, 2017 at 189 ("[W]e're not offering [information from the informant] for truth, just to explain why Agent Clayborne and other units were [surveilling the location of the expected drug transaction on May 3]."); Trial Tr. of Oct. 31, 2017 at 185 ("Why did you not have surveillance units follow Mr. Lopez?"); *see also United States v. Octave*, 575 Fed. App'x 533, 539 (5th Cir. 2014) (per curiam) (finding no Confrontation Clause violation occurred when "[n]o more information was given [regarding the statements of the confidential informant] than was necessary for the purpose of showing why [the officer] took the actions he did in the course of his investigation.").

[5] *See, e.g.*, Trial Tr. of Oct. 30, 2017 at 196 (stating on direct examination that officers followed Coy Jones because they "knew" Jones was supposed to receive methamphetamine in the transaction); *id.* at 213 (asking officer on cross-examination how he "knew" Jones had received a large amount of methamphetamine); *id.* at 227–28 (stating on redirect that officers "knew" Jones had been on the drug-receiving end of the transaction because the confidential informant had told them so).

[6] Additionally, the Court issued both oral and written limiting instructions to the jury explaining the testimony referencing confidential informant statements "was admitted only to explain why law enforcement was conducting various surveillance operations" and explicitly prohibiting the jury from "us[ing] the informant's statement as evidence the defendant, or anyone else, actually engaged in a drug transaction." *See generally United States v. Acosta* 475 F.3d 677, 683 (5th Cir. 2007) ("Juries are presumed to follow limiting instructions." (internal citation omitted)).

Accordingly,

IT IS ORDERED Defendant's Motion for Acquittal or, Alternatively, Motion for a New Trial [#79] is DENIED.

SIGNED this the 11th day of December 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE